Essex County Juvenile Court.

FRANK LA FERRA, OVERSEER OF THE POOR IN BEHALF OF ELIZABETH FINHANDLER, PLAINTIFF, v. WILLIAM SHERWOOD WATTS, DEFENDANT.

SIEGLER, J. The real party plaintiff is Elizabeth Finhandler, bringing this action through the overseer of the poor of the city of Newark, complaining that on March 13th, 1924, there was born to the plaintiff, Elizabeth Finhandler, a bastard child, and that the father of said child is William Sherwood Watts, the defendant in this cause.

The proof shows that Mrs. Finhandler was a married woman at the time of the birth of this alleged bastard child, and that her marriage name was Mrs. Samuel Cohen, she having been married to Mr. Cohen in 1912. The proof further shows that Mr. Cohen instituted an action in the city of New York for divorce, and obtained his final decree against Mrs. Finhandler after the birth of the alleged bastard child.

It appears that Mrs. Finhandler made the acquaintance of the defendant sometime in the month of May, 1923, on Broad street, Newark, New Jersey, and that this acquaintanceship ripened into an intimate friendship which continued between these parties until September, 1923. Mrs. Finhandler claims that the defendant is the father of the child, notwithstanding the fact that she had a husband living during the whole period that she was going around with the defendant.

The defendant admits having made the acquaintance of Mrs. Finhandler, as stated by her, and that he had taken her out on many occasions, but denies that he ever had any intimate relations with her. He also says that he severed his relations with her sometime in July or August, 1923, when he heard that she was a married woman.

The legal questions raised by the defendant are: First, that the child is not a charge on the public, nor is it likely to become a charge on the public, and second, that the plaintiff has failed to prove non-access of her husband.

The examination of the evidence establishes the fact that Mrs. Finhandler is now the owner of real estate consisting of a one-family house in the city of Atlantic City, New Jersey, in which there is an admitted equity of at least four thousand five hundred ($4,500) dollars. The evidence further establishes that the overseer of the poor, at the time he made his complaint, had no knowledge of Mrs. Finhandler's ownership of this real estate, nor did Mrs. Finhandler supply to the overseer of the poor this information. I am satisfied that if the overseer of the poor had known that Mrs. Finhandler was the owner of this real estate, and owned a clear equity in the neighboorhood of four thousand five hundred ($4,500) dollars, this complaint would not have been made, alleging that this child would likely become a charge on the public. This, of course, is beside the point just now, because notwithstanding the fact that the plaintiff is able to maintain this child, and the child is not likely to become a charge on the public, it is not for the court to determine this fact, as it is entirely a matter for determination for the overseer of the poor, who brings this action. When the overseer of the poor files a complaint and requests a warrant for the apprehension of a defendant in this kind of proceeding, he acts in a *quasi*-judicial capacity. The determination of the overseer of the poor that the child would be likely to become a charge upon the county or the city is one that rests solely with the overseer of the poor, and it is not a matter that can be considered by the court. *Donnelly, Overseer of the Poor,* v. *Passaic County,* 6 N. J. Mis. R. 247.

Therefore, notwithstanding the plaintiff's ability to support this child, as appears from the evidence, and that the child is not likely to become a charge on the public, the determination of the overseer of the poor is sufficient to supply the jurisdictional elements to support the complaint.

The second point, that a married woman before she can succeed in a bastardy proceeding must show non-access of the husband. Of course, this is elementary. It is a well-established rule that a child born in wedlock is presumed to be legitimate, and for a married woman to succeed in a bastardy proceeding it is necessary for her to overcome that presumption by showing non-access of her husband. *State* v. *Overseer of the Poor,* 24 *N. J. L.* 533; *Powell* v. *State,* 84 *Ohio St.* 165; 36 *L. R. A.* (*N. S.*) 255.

The proof fails to satisfy me that there was no access by Mrs. Finhandler's husband. Therefore, as far as this cause is concerned, the child was born in wedlock.

Assuming for the purpose of this discussion that the plaintiff has proven non-access of her husband, the plaintiff has failed to maintain the burden of proof that she is charged with to sustain, that is to say, that the alleged bastard child is that of the defendant. Plaintiff, in support of this contention, adduced the testimony of Mrs. Von Vanderstein and Mrs. Briscoe. Mrs. Von Vanderstein testified that Mrs. Finhandler visited the apartment of the defendant on week-ends. There is also just as forcible testimony adduced by the defendant through the mouth of Mrs. Allen, who lived on Quitman street, Newark, the place where Mrs. Finhandler made her home during the period from sometime in May to August, 1923, this being the period when the defendant and Mrs. Finhandler went out with each other. Mrs. Allen further says that Mrs. Finhandler went out on several occasions with a Mr. Layton, who called at the house for her, and that on more than one occasion Mrs. Finhandler went away with Mr. Layton, and did not return home those nights. Mrs. Allen further says that Mrs. Finhandler instructed her to tell Mr. Watts, if he came to call for her (Mrs. Finhandler), when she was out with Mr. Layton, that she was

on a case; and when speaking about week-end parties, Mrs. Finhandler told Mrs. Allen that "she [Mrs. Finhandler] was good enough for Mr. Watts through the week, but the weekends he [Watts] was not good enough for her."

These meetings with Mr. Layton were taking place during the same period of time that the defendant was meeting Mrs. Finhandler. There is, from the evidence in this case, as much reason to believe that the child is that of Layton as it is of this defendant. At any rate, the evidence fails to convince me that the defendant is the father of this child. The proof should be strong and convincing, before fastening parentage upon a person charged with an offense of this nature. I am not so convinced, after a very careful consideration of all the proof adduced.

The court had the benefit of an inspection of the alleged bastard child offered in evidence. After a thorough comparison with the defendant, I cannot find either resemblance or features which are similar.

I find that the defendant, William Sherwood Watts, is not the father of the alleged bastard child, and I further find that he is not guilty of the charge made in the complaint against him.